## Staunton.

LIBERTY SAVINGS BANK v. OTTER VIEW LAND CO. AND OTHERS.·

SEPTEMBER 15, 1898.

Absent, Cardwell, J.

1. STOCK SUBSCRIPTIONS—*Contracts in Writing—Denial of Writing under· Oath—Burden of Proof—Limitations.*—An answer under oath denying that a defendant contracted in writing to take stock in a joint stock company throws the burden of proving such contract on the complainant, and the mere fact that the defendant's name appears on the books. of the company as a stockholder, and that he has paid several calls thereon, is not sufficient to prove that the contract of subscription was. in writing.   No written contract having been established, the limita-- tion on the right of recovery is three years from the date of the call on the stock.

Appeal from a decree of the Circuit Court of Bedford county pronounced October 29, 1897, in a suit in chancery wherein appellant was the complainant, and the appellees and others were the defendants.

*Affirmed.*

This suit was brought for the purpose of enforcing the collection of debts due by an insolvent corporation.   During the progress of the suit it became manifest that the corporation was hopelessly insolvent, and a receiver was appointed to take· charge of and collect the assets of the company.   Among the assets to be collected were the unpaid subscriptions to stock. The stock had been subscribed to be paid on call of the company.   At the time of the institution of the suit the company had made several calls on its stockholders, including appellees,.

which calls had been paid.   At the May term, 1893, the court made a call on the stockholders for the balance due on their subscriptions, and directed the receiver to collect the same. The stockholders were not then parties to the suit, but an amended and supplemental bill was filed on March 31, 1897, to which all resident stockholders, not notoriously insolvent, were made parties defendants.   This bill, after setting out all prior proceedings in the suit, prayed for a personal decree against each stockholder for the balance due on his subscription, with interest from the date of the call by the court.   The bill waived answers under oath.   The stockholders, however, severally answered under oath, denying that they had ever entered into any contracts in writing for said stock, or had authorized any one else to do so, or had ever signed the subscription books of the company, or authorized any one to write their names in said subscription books, and relying on the act of limitations of three years.   No other defence was made, nor was it pretended that they were assignees of original subscribers.   One of the defendants filed with her answer four receipts of the treasurer of the company for payments made of calls on her on account of her stock.   The sole defence relied on was that the contract of subscription was verbal, and that, more than three years having elapsed since the date of the last call, the claim of the complainant was barred by limitation.   The evidence for the complainant showed that the names of appellees, who were stockholders, were found regularly entered on the books of the company; that the original subscription lists had been lost or mislaid, and could not be found; and that several calls were made by the company on the appellees which had been paid by them, and no question raised as to their subscriptions.   Some of these calls on stockholders were paid by checks received in letters from the stockholders.   One of these letters was as follows:

Statement.

" S. M. BOLLING, ESQ., *Secretary and Treasurer Otter View Land
  Co., Bedford City, Va.:*

DEAR SIR: Enclosed herewith please find my check No.
1138 on the Planters National Bank for $7.50, second assess-
ment on fifteen (15) shares of stock standing in my name."

Another letter was as follows:

" MR. D. PRESTON PARR, JR., *Secretary Otter View Land Co.,*
  *Bedford City, Va.:*

DEAR SIR: Your notice of fifteen *per cent.* assessment on
stock to hand. I write to say that I shall not be able to send
it on the 20th of this month. You can draw on me on July
1st for the amount, and it will be paid."

Another letter addressed to the secretary and treasurer of
the company was as follows:

" Enclosed please find my check for $50, being first assess-
ment on fifty shares Otter View Land Company's stock."

The letters were in each instance signed by the stockholders
making the remittance.

The witnesses for the complainant, on cross-examination,
admitted that they could not say that they had seen the names
of any of the appellees on any of the subscription lists they
had seen. The defendants proved by the first secretary and
treasurer of the company that " a large majority of the larger
subscribers of stock out of the city was done by word of
mouth; there were no written promises." He also stated that
many of the other subscriptions, large and small, were made
in the same way. There was no proof that the name of any one
of the appellees was on any of the original subscription papers,
though there were such papers with many names on them,
which papers had been lost or mislaid.

The Circuit Court held that the contracts of subscription
were verbal, and that the act of limitations of three years ap-
plied, and hence dismissed the amended bill with costs.

*F. W. Whittaker, J. Singleton Diggs,* and *S. Griffin,* for the
appellants.

Campbell & Tucker, S. S. P. Patteson, Smith, Moncure & Gordon, Jos. T. Johnson and H. M. Heuser, for the appellees.

HARRISON, J., delivered the opinion of the court.

The object of this suit is to wind up the affairs of an insolvent land company, and apply its assets to the payment of debts. The amended and supplemental bill brings the stockholders before the court, and asks for a decree against them for the balance due upon the shares of stock held by each. The appellees each answer under oath and deny that they made any contract in writing to take stock in the company, or authorized any one to make such a contract for them, and plead the statute of limitations, applicable to verbal contracts, as a bar to any recovery against them.

The only question, necessary to be decided, is whether or not this defence is sufficient to defeat the claim asserted against the appellees.

The several pleas and answers put the burden upon appellant to prove that appellees had bound themselves by a contract in writing to take the stock. There is no evidence that any one of those sought to be held liable ever made such a contract. Their names appear on the books of the company, and the evidence tends to prove that appellees are the owners of the stock charged to them. It is not, however, a question of ownership, but whether the contract to become owner was verbal or written. No original lists are produced; the names on the books are not in the handwriting of appellees, and the evidence all tends to show that the several subscriptions appearing on the books were based upon verbal contracts, and that appellees made no contract in writing to take the stock, or to become the owners thereof.

The defence is based upon the provisions of the statute limiting the period within which suits shall be brought upon

verbal contracts.    Section 2920 of the Code provides that no action shall be brought upon a verbal contract unless within three years from the time the right of action accrues.    In the case at bar, the right of action accrued June 10, 1893, when the decree was entered calling upon the stockholders to pay the balance due upon the several shares of stock held by each, and authorizing the receiver to collect the same by suit or otherwise.    The amended and supplemental bill making the stockholders parties, and asking for a decree against them, was not filed until March 31, 1897, more than three years after the right of action accrued.    There being no evidence of a written contract to take the stock in question, and the suit to enforce payment having been instituted more than three years after the right accrued, the right to recover is barred, under the express terms of the statute relied on by the appellees.

The Circuit Court having so held, its decree must be affirmed.

*Affirmed.*